UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAHMAN J. HERRILL,                :
                                  :   Civil Action No. 10-3575 (ES)
            Petitioner,           :
                                  :
       v.                         :   OPINION
                                  :
MICHELLE R. RICCI, et al.,        :
                                  :
            Respondents.          :

**APPEARANCES:**

    RAHMAN J. HERRILL, Petitioner pro se
    #430938 / SBI# 838770 B
    New Jersey State Prison
    6-LEFT, P.O. Box 861
    Trenton, New Jersey 08625

**SALAS, District Judge**

    This matter is before the Court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by Petitioner Rahman J. Herrill, on or about July 15, 2010. Petitioner paid the filing fee on August 5, 2010. On July 26, 2010, this Court issued an Order to Show Cause directing Petitioner to show cause in writing why his petition should not be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). (Docket Entry Nos. 2 and 3). Petitioner responded to the Order to Show Cause on or about August 11, 2010. (Docket Entry No. 4). Having reviewed Petitioner's response, the Court determined that the habeas petition did not appear to be time-barred. Accordingly, on February 14, 2011, the Court issued a Notice and Order advising

Petitioner of his rights under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). (Docket Entry No. 5).

On April 4, 2011, Petitioner filed a motion to have this habeas action stayed while he exhausts his state court remedies, pursuant to 28 U.S.C. § 2254(c). (Docket Entry No. 6). For the reasons stated below, this Court will deny Petitioner's motion for a stay and abeyance.

## I. PROCEDURAL BACKGROUND

Petitioner is presently serving a term of life imprisonment with a 30 year parole disqualifier pursuant to a judgment of conviction that was entered on December 4, 2001, before the Superior Court of New Jersey, Law Division, Essex County, for purposeful and knowing murder and handgun offenses. Petitioner filed a direct appeal from his conviction and sentence before the Superior Court of New Jersey, Appellate Division.

The Appellate Division affirmed the conviction on October 6, 2003. The New Jersey Supreme Court denied certification on January 24, 2004.

Petitioner then filed his first, timely petition for post-conviction relief ("PCR") in state court on February 17, 2004. The Honorable Joseph C. Cassini, III, J.S.C., denied the state PCR petition and the request for an evidentiary hearing on November 6, 2006. Petitioner appealed and, on April 9, 2010, the Appellate Division affirmed the order denying the PCR petition.

The New Jersey Supreme Court denied certification on or about June 7, 2010.

Petitioner timely filed this habeas petition on or about July 12, 2010. Petitioner raises thirteen comprehensive claims for habeas relief in his initial federal habeas petition. All of these claims appear to have been raised in Petitioner's direct appeal and state collateral review.

However, in a separate motion submitted on April 4, 2011, Petitioner now wishes to raise two additional claims regarding ineffective assistance of counsel. Namely, Petitioner now asserts that his "trial counsel was ineffective for not telling him he was facing life in prison, and therefore, Petitioner could not make a reasonable decision to accept the State's plea offer." He also asserts that "the trial court's failure to advise [Petitioner] that he was facing life in prison deprived the Petitioner of his constitutional right to due process of law" under the Fourteenth Amendment. (Motion for Stay/Abeyance, at 7, Docket Entry No. 6).

Petitioner admits that he did not exhaust these claims in state court, and now asks the Court to stay this habeas proceeding pending exhaustion of these issues in state court.

3

III.  ANALYSIS

A.  Pro Se Pleading

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.  Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1] 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").[2]

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell,

---

[2] Although a petition for a writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 387 F.3d 210, 260 n. 42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

5

134 F.3d at 513 (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971); <u>Castille v. Peoples</u>, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. <u>Toulson v. Beyer</u>, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. <u>Picard</u>, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. <u>Id.</u> at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. 28 U.S.C. § 2254(c).

Moreover, the exhaustion doctrine is a "total" exhaustion rule. That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed'

6

petitions)]." Lundy, 455 U.S. at 522. At the time Rose v. Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions. The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[3] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir. 2001), cert. denied, 534 U.S. 1015 (2001)). Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d at 151. Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances. ... [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a

---

[3] See 28 U.S.C. § 2244(d).

7

> petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. ... For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a

petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

Few courts have provided guidance as to what constitutes "good cause" for failing to exhaust a claim in state court within the meaning of Rhines. In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the Supreme Court stated: "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." 544 U.S. at 416. The United States Court of Appeals for the Third Circuit has emphasized the need to be mindful of Justice Stevens's concurrence in Rhines, which cautions that "'good cause' for failing to exhaust state remedies more promptly ... is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary pro se prisoner,'" but has not otherwise defined the standard to be applied. Ellison v. Rogers, 484 F.3d 658, 662 (3d Cir. 2007)(quoting Rhines, 544 U.S. at 279 (Stevens, J., concurring)). Some lower federal courts have adopted the standard for "cause" applicable to procedural defaults, which requires that some "objective factor external to the defense" made it impossible to bring the claim earlier in state court proceedings, as required by Coleman v. Thompson, 501 U.S. 722, 754 (1991)(quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). See, e.g., Tullis v. Kontah, 2007 WL 915197 (S.D. Ohio)(collecting cases). In Jackson v. Roe, the United States

Court of Appeals for the Ninth Circuit rejected the contention that <u>Rhines</u> requires a showing of "extraordinary circumstances," but did not otherwise provide guidance. At the opposite extreme, one court simply requires "a prima facie case that a justifiable, legitimate reason exists which warrants the delay of federal proceedings while exhaustion occurs."  <u>See</u> <u>Brisco v. Scribner</u>, 2005 WL 3500499 (E.D. Cal. Dec. 21, 2005)(Report and Recommendation) *Report and Recommendation* <u>adopted</u>, 2006 WL 568224 (E.D. Cal. March 3, 2006).

Here, Petitioner admits that he has not fully exhausted the two new claims he now wishes to assert before filing this federal habeas petition. He contends that these claims were not brought to his attention until recently, "with the help of a paralegal here at the prison and petitioner pouring over trial transcripts outside the record." (Motion for Stay/Abeyance at 5, Docket Entry No. 6). Petitioner argues that his state PCR counsel failed to raise these two issues and did not order the pretrial conference status transcripts or the pretrial memorandum, which allegedly would serve to prove these two claims. (<u>Id</u>.).

Having reviewed Petitioner's initial habeas petition and the instant motion for a stay or abeyance, the Court finds that Petitioner has not shown good cause for failing to raise these claims during state court review. First, Petitioner cannot show that the facts supporting these claims regarding applicability of

a prison term for life were not known to him, or could not have been discovered by him, at the time of his direct appeal or his state PCR proceedings. He simply states that he had not ordered or read his pretrial transcripts until an inmate paralegal brought the issue to his attention.

Second, it does not escape the Court's attention that Petitioner had raised numerous and comprehensive claims concerning ineffective assistance of trial counsel in his state PCR proceedings, both through assigned counsel and in several supplemental pro se submissions. It is highly implausible for Petitioner to have omitted his claim about counsel's failure to inform him about the possibility of life imprisonment during the state criminal proceedings, as Petitioner now seems to suggest.

Indeed, the very nature of the principle criminal charge against Petitioner, purposeful and knowing murder, carries the likely sentence of life imprisonment. And, in fact, Petitioner was sentenced to life imprisonment. Consequently, these facts were plainly known to Petitioner at the time of trial and upon his sentencing, so his due process claim could have been raised on direct appeal and the ineffective assistance of trial counsel claim could have been raised in his first PCR proceedings.

Finally, this Court notes that, at this point, Petitioner is beyond the five-year time bar for bringing these claims in state court. See N.J.Ct.R. 3:22-12. Therefore, his claims would not

likely be addressed on the merits if he should now file a second PCR petition in state court.

Accordingly, Petitioner's motion for a stay or abeyance of his federal habeas petition pending exhaustion of his two new claims will be denied because Petitioner has not demonstrated good cause for the relief sought. The two new, but unexhausted claims will be deleted, and the habeas petition will proceed with the thirteen allegedly exhausted claims asserted in the initial petition. Furthermore, the State will be directed to answer the remaining thirteen claims in the petition and provide a complete and relevant record.

## IV. CONCLUSION

For the foregoing reasons, this Court denies Petitioner's motion for a stay or abeyance of his federal habeas proceedings. The Court directs the State to answer the habeas petition and submit the relevant state court record, except as to the new, but unexhausted claims asserted by Petitioner in his motion (Docket Entry No. 6). An appropriate Order follows.

_____
ESTHER SALAS
United States District Judge

DATED: 10/24/11